IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC,<br><br>                Debtor.<br><br>Tax Identification No. 82-1999113 | Chapter 11<br><br>Case No. 25-90666 |
| In re:<br><br>OPTIMUS DATACENTERS, LLC,<br><br>                Debtor.<br><br>Tax Identification No. 83-4531582 | Chapter 11<br><br>Case No. 25-90667 |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN _:_0 _.M. (PREVAILING CENTRAL TIME) ON NOVEMBER __, 2025.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER __, 2025 AT _:_0 _.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002. PARTICIPATION AT THE HEARING WILL <u>ONLY</u> BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PEREZ'S CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PEREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

RELLIS Campus Data and Research Center, LLC, *et al*., the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Emergency Motion for Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"), and in support hereof, respectfully state as follows:

## I.   JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II.   BACKGROUND

3. On November 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5. The Debtors are two non-operator entities both owned by TenTech-3 Holdings, LLC ("TenTech"), created for the purpose of constructing and operating a data center on Texas A&M's 2,300 Acre RELLIS Campus. The RELLIS Campus, designed for innovation and technology to serve both public and private sector applications and industries, is located in Bryan, Texas, with the data center being constructed by the Debtors strategically located along the northernmost area adjacent to State Highway 21, as shown below[1]:



---

[1] The Data Center is identified as No. 7 on the sitemap.

6. To construct the data center, the Debtors have undertaken extraordinary efforts to finance and begin constructing the project, including but not limited to the procurement of a ground lease with Texas A&M University ("TAMU"), negotiating access to local utility connection(s) with the city of Bryan, Texas, contracting with Satterfield & Pontikes Construction, Inc. ("S&P") to serve as the project's general contractor and procuring financing in excess of $17 million through Vantage Bank ("Vantage"), to fund the initial phase of construction.

7. In addition to the financing arrangement with Vantage Bank, the Debtors, by and through their parent entity TenTech, entered into an Equity Purchase Agreement ("EPA") with ISQ NA DC Holdings, LLC ("ISQ"), on or about November 29, 2024, whereby ISQ was to both source a long-term lease tenant for the data center as well as purchase equity in the project. The funds generated from the EPA were to be used in financing the build-out of the data center after completion of the first phase by S&P, and to serve as adequate financial assurance of performance by the Debtors with Vantage, S&P, TAMU, and others.

8. While the various agreements and relationships with S&P, TAMU and Vantage are distinct, they are all very much interrelated in that a breach and/or termination of one will inevitably trigger a potential termination and/or breach of the others. Unfortunately, this is exactly what has transpired in recent months.

9. Although the project is in the late stages of the first phase of development, on or about October 3, 2025, TenTech and ISQ officially terminated the EPA, after ISQ proved unable to either locate an anchor lease tenant or fund the EPA, thereby leaving the Debtors underfunded and in default of their financial assurance covenants, and thereby triggering defaults and/or breaches of their respective agreements and obligations with S&P, Vantage, and TAMU. This has

since precipitated to Vantage declaring a default and posting the Debtors' property for foreclosure, TAMU issuing a notice of default on the Debtors' ground lease, and S&P filing *lis pendens* on the project and filing a lawsuit against the Debtors and their principle, Sam Tenorio III.

10.     While the Debtors have endeavored to stave-off the inevitable and source an alternative financing and/or equity partner to complete the project, the ever-escalating series of events has left the Debtors without any alternative other than to seek chapter 11 relief. Through these cases the Debtors seek to reorganize by engaging with a strategic financing and/or equity partner(s), to emerge from chapter 11 and see the project through completion.

### III.     RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of an order, substantially in the form submitted herewith: (i) directing procedural consolidation and joint administration of their related Chapter 11 Cases; and (ii) granting related relief. The Debtors request that the Court maintain one file and one docket for the jointly-administered Chapter 11 Cases under the case of RELLIS Campus Data and Research Center, LLC, and that the Court administer these Chapter 11 Cases under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90666<br><br>(Jointly Administered) |

_____

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), and Optimus DataCenters, LLC (1582). The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

### IV.     BASIS FOR RELIEF REQUESTED

**A.     Joint Administration is in the Best Interests of the Estates**

12.     Bankruptcy Code section 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order joint administration of the estates." FED. R. BANKR. P. 1015(a). The primary considerations to be weighed by the Court when considering joint administration are: (i) protecting creditors of different estates against potential conflicts of interest; and (ii) avoiding unnecessary costs and delays. *See* FED. R. BANKR. P. 1015(c) (discussing factors to consider); *see also Wells Fargo Bank of Texas N.A. v. Sommers (In re Amco Ins.)*, 444 F.3d 690, 694-96 (5th Cir. 2006) (discussing, but declining to rule on, proper standard for substantive consolidation). Bankruptcy Local Rule 1015-1 provides additional authority for the Court to order joint administration of the cases.

13. The Debtors submit that joint administration of their Chapter 11 Cases is necessary and appropriate under the circumstances. The Debtors commenced the Chapter 11 Cases by filing voluntary petitions with the Court. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Pursuant to Bankruptcy Local Rule 1015-1, the instant Motion is filed in the Chapter 11 Case with the lowest case number.

14. The Debtors' financial affairs, management, and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect all of the Debtors and their respective estates. Given the provisions of the Bankruptcy Rules and Bankruptcy Local Rules, the Debtors submit that joint administration will save substantial costs and prevent delays, which will serve the interests of estates and their creditors, and will in turn foster the most expeditious and economical administration of the estates. Moreover, the supervision of the administrative aspect of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas will be simplified, and the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

15. The rights of creditors will not be adversely affected by the joint administration of these Chapter 11 Cases, as the relief requested in this Motion is purely procedural. Indeed, this Motion is not intended to affect substantive rights and all creditors and parties in interest will maintain whatever rights they have under the Bankruptcy Code and applicable law, including asserting claims or other rights against a particular Debtor's estate. Thus, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases.

**B.      The Proposed Caption Complies With Applicable Rules**

16. Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. FED. R. BANKR. P. 2002(n).

17. The Debtors submit that use of the simplified caption set forth above, without full tax identification numbers, will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all Debtors. All such pleadings will also include a note specifying that the Chapter 11 Cases are "Jointly Administered." Moreover, the petitions for each Debtor are publicly available to all parties in interest. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Bankruptcy Local Rule 1015-1 have been satisfied, and that waiver of this requirement is purely procedural in nature.

**C.      Separate Docket Entries and Proofs of Claim**

18. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in the Chapter 11 Case of Optimus DataCenters, LLC to reflect joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of RELLIS Campus Data and Research Center, LLC, *et al*. The docket in Case No. 25-90666 should be consulted for all matters affecting this case, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 25-90666.

19. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against the Debtors

8

or their respective estates to clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors as a whole.

20. For these reasons, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interests and, should therefore be granted by the Court.

## V. EMERGENCY CONSIDERATION

21. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of these Chapter 11 Cases. Failure to receive the requested relief during the first twenty-one days of these Chapter 11 Cases would disrupt the Debtors' operations and restructuring efforts. As such, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the first day hearing.

## VI. REQUEST FOR WAIVER OF STAY

22. To implement the foregoing immediately, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) to the extent such notice requirements and stay apply. As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify finding

9

that notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as applicable.

## VII.  RESERVATION OF RIGHTS

23. Nothing contained herein shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property or its estate; (iii) a promise or requirement to pay any prepetition claim; (iv) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (v) an implication or admission that any particular claim is of a type specified or defined in this Motion, or any order granting the relief requested by this Motion; (vi) an implication, admission, or finding as to (a) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (b) the applicability of any exception or exclusion from property of the estate under section 541 of the Bankruptcy Code or other applicable law; (vii) an impairment or waiver of any claims or causes of action which may exist against any entity; or (viii) a waiver of any Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## VIII.  NOTICE

24. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## IX.  **PRAYER**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

Respectfully submitted on the 5th day of November, 2025.

                                      **OKIN ADAMS BARTLETT CURRY LLP**

                                      By:     /s/ *Christopher Adams*
                                              Christopher Adams
                                              Texas Bar No. 24009857
                                              Email: cadams@okinadams.com
                                              John Thomas Oldham
                                              Texas Bar No. 24075429
                                              Email: joldham@okinadams.com
                                              1113 Vine St., Suite 240
                                              Houston, Texas 77002
                                              Tel: 713.228.4100
                                              Fax: 346.247.7158

                                      **PROPOSED ATTORNEYS FOR THE DEBTORS**

**CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)**

      In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

                                        By:     /s/ *Christopher Adams*
                                                Christopher Adams