IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 25-90666 |
| | § | |
| RELLIS CAMPUS DATA AND | § | |
| RESEARCH CENTER, LLC, ET AL., | § | |
| | § | |
| DEBTORS | § | CHAPTER 11 |

## NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE COURT:

Vantage Bank Texas ("**Vantage Bank**") files this Notice of Removal of Civil Action, and in support respectfully shows:

### I.  BACKGROUND

On October 29, 2025, Satterfield and Pontikes Construction, Inc. ("**S&P**") filed claims against Vantage Bank and others in Cause No. 25-003074-CV-85, styled *Satterfield and Pontikes Construction, Inc. v. RELLIS Campus Data and Research Center, LLC, Vantage Bank Texas, and Samuel Tenorio*, pending in the 85th Judicial District Court of Brazos County, Texas (the "**State Court Lawsuit**").

The State Court Lawsuit was filed on the eve of a scheduled foreclosure sale of a real estate leasehold interest pledged to Vantage Bank by Chapter 11 Debtor RELLIS Campus Data and Research Center, LLC ("**RELLIS**") to secure a commercial construction loan made by Vantage Bank to RELLIS, which Vantage Bank accelerated after certain events of default occurred under the loan documents.

The State Court Lawsuit involves a construction dispute between RELLIS and S&P stemming from various construction change orders that were outside the scope of the original

budget which RELLIS failed to pay. RELLIS owns a leasehold interest in property in Brazos County owed by Texas A&M University, and contracted with S&P to construct a data and research center (the "**Project**"). S&P alleges that RELLIS owes approximately $4.8 million in unpaid construction costs. S&P further alleges that the Project was to be financed by the Vantage Bank loan, but that RELLIS wrongfully utilized a portion of the loan funds to pay other non-Project-related debts, leaving an insufficient amount of loan proceeds to pay S&P.

As part of the State Court Lawsuit, S&P sought a declaratory judgment to determine whether S&P's mechanics lien had priority over Vantage Bank's lien. Additionally, S&P asserted various claims against Vantage Bank including for fraud, unjust enrichment, constructive trust, negligent misrepresentation, knowing participation in breach of fiduciary duty, tortious interference with contract and lien rights, and civil conspiracy—in connection with vague and unsupported allegations that Vantage Bank was "aware of, if not complicit in" RELLIS's alleged misapplication of loan proceeds.

Upon filing the State Court Lawsuit, on October 30, 2025, S&P obtained an *ex parte* temporary restraining order enjoining the scheduled foreclosure sale. On November 5, 2025, RELLIS filed a petition for Chapter 11 bankruptcy commencing the above-captioned case.

## II.   PARTIES

Pursuant to L. Rule 9027-1, Vantage Bank submits the following information regarding the parties to the State Court Lawsuit. Specifically, listed below are each of the parties to the State Court Lawsuit and their respective addresses.

   a. Defendant Vantage Bank Texas, c/o Davis & Santos PLLC, 719 South Flores, San Antonio, Texas 78204.

   b. Defendant RELLIS Campus Data and Research Center LLC, 833 Rellis Parkway, Bryan, TX 77802.

   c. Plaintiff Satterfield and Pontikes Construction, Inc., 11750 Katy Fwy Suite 500,

Houston, Texas 77079-1219.

d. Defendant Samuel Tenorio, 5250 McCormick Mountain Dr., Austin, Texas 78734. .

To the best of Vantage Bank's knowledge, Vantage Bank and RELLIS have been served in the State Court Lawsuit. Vantage Bank does not have sufficient knowledge to state whether Samuel Tenorio has been served.

Counsel for Vantage Bank is as follows:

> Sarah P. Santos
> E-mail: ssantos@dslawpc.com
> Landon Hankins
> E-mail: lhankins@dslawpc.com
> DAVIS & SANTOS PLLC
> 719 South Flores
> San Antonio, Texas 78204
> Tel: (210) 853-5882
> Fax: (210) 200-8395

Counsel of record in the State Court Lawsuit for Satterfield and Pontikes Construction, Inc. is as follows:

> Gregory M. Cokinos
> Texas Bar No. 04527250
> Craig H. Clendenin
> Texas Bar No. 04375000
> COKINOS/YOUNG
> 1211 Lamar Street, 16th Floor
> Houston, Texas 77010
> Tel: 713-535-5500
> Fax: 713-535-5533
> E-mail: gcokinos@cokinoslaw.com
> E-mail: cclendenin@cokinoslaw.com

Counsel of record in this proceeding for Satterfield and Pontikes Construction, Inc. is as follows:

>Reagan H. "Tres" Gibbs, III
>COKINOS/YOUNG
>1211 Lamar Street, 16th Floor
>Houston, Texas 77010
>Tel: 713-535-5500
>Fax: 713-535-5533
>E-mail: tgibbs@cokinoslaw.com

Counsel of record for RELLIS Campus Data and Research Center LLC is as follows:

>OKIN ADAMS BARTLESS CURRY LLP
>Christopher Adams
>Texas Bar No. 24009857
>Email: cadams@okinadams.com
>John Thomas Oldham
>Texas Bar No. 24075429
>Email: joldham@okinadams.com
>1113 Vine St., Suite 240
>Houston, Texas 77002
>Tel: 713.228.4100
>Fax: 346.247.7158

### III. JURISDICTION AND VENUE

Section 1452 of Title 28 provides, in pertinent part, that a party may remove any claim or cause of action in a state civil action to the district court if such district court has jurisdiction pursuant to section 1334 of Title 28. Furthermore, Section 1334(b) of Title 28 provides, in pertinent part, that a district court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code.

The State Court Lawsuit is subject to removal pursuant to the jurisdiction bestowed upon United States District Courts, in general, over civil proceedings arising in, arising under, or related to cases under the Bankruptcy Code (11 U.S.C. §§ 101 et. seq.) and pursuant to 28 U.S.C, §§ 1334(b) and 1452.

Venue is proper before this Bankruptcy Court pursuant to § 1408 of Title 28, United States Code, because pursuant to 28 U.S.C. § 1452(a), removal to this Court is required because the State Court Lawsuit is pending in a state district court located in Brazos County, Texas which is located

within the Southern District of Texas in which the United States District Court presides. Additionally, the Local Rule 9027-1 expressly contemplates removal to the bankruptcy court.

## IV.   STATEMENT REGARDING CONSENT

This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Vantage Bank, in accordance with Bankruptcy Rule 9027(a)(l) and Local Rule 9027-2, hereby consents to entry of final orders or final judgment by the Bankruptcy Court in the adversary proceeding under Rule 7001 et. seq. of the Rules of Bankruptcy Procedure which will commence upon the docketing of the removal by the Clerk of the Court.

## V.   RELATION OF REMOVED ACTION TO THE BANKRUPTCY CASE

The claims and causes of actions in the State Court Lawsuit have a clear and direct impact on interests and property of the Debtor's bankruptcy estate under 11 U.S.C. § 541. Resolution of the claims asserted in the State Court Lawsuit will significantly affect the administration of the estate.

This Notice of Removal is timely as it is filed less than ninety (90) days after the order for relief in the Chapter 11 case. The State Court Lawsuit was pending when the Chapter 11 case was commenced. Removal of each claim and cause of action of the State Court Lawsuit to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, and 1334.

## VI.   BASIS FOR REMOVAL

Under 28 U.S.C. §§ 1334(b) and 1452(a), a party may remove any claim or cause of action in a civil action, as long as the claim arises under the Bankruptcy Code, arises in the Bankruptcy Code, or is related to cases pending under the Bankruptcy Code. 28 U.S.C §§ 1334(b), 1452(a). Section 1334(b) identifies three types of jurisdiction: "arising under" jurisdiction; "arising in" jurisdiction; and "related to" jurisdiction. 28 U.S.C §§ 1334(b). It is unnecessary to distinguish the three types of jurisdiction to determine the scope of a district court's jurisdiction; the action must

only "relate to" a bankruptcy proceeding for a district court to exercise jurisdiction. *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987).

Claims that "arise under" the Bankruptcy Code or "arise in" a bankruptcy case are "core" matters; claims that "relate to" a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are "non-core." *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999). The state law origin of claims asserted in a state court suit is not dispositive of whether the action "arises in" or is "related to" a bankruptcy. *Id.* at 607. Core proceeding include, but are not limited to, "determinations of the validity, extent, or priority of liens," "motions to terminate, annul, or modify the automatic stay," and "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B), (G), (K). Additionally, if an action could conceivably have any effect on the estate being administered in bankruptcy, the Bankruptcy Court has "related to" jurisdiction over the action. *Matter of Wood,* 825 F.2d 90, 93 (5th Cir. 1987).

The State Court Lawsuit arises in, arises under, or is otherwise related to this bankruptcy proceeding and is therefore removable under 28 U.S.C. § 1452. The State Court Lawsuit is inextricably linked to RELLIS's bankruptcy because it could result in findings or rulings concerning the lien priority of certain creditors (including Vantage Bank and S&P) as to RELLIS's property, which is now property of RELLIS's bankruptcy estate, and could determine whether Vantage Bank has the authority to foreclose on RELLIS's property pledged as collateral for the loan. S&P's claims in the State Court Lawsuit specifically request declaratory relief regarding the validity and priority of its lien on RELLIS's property, in addition to its claims against RELLIS—now the estate. Moreover, Vantage Bank intends to file a motion for relief from the automatic stay so that it can foreclosure on the property securing the loan—which will likely require the Court to first resolve S&P's claims asserted in the State Court Lawsuit that its junior mechanic's lien has

or should have greater priority than Vantage Bank's first lien.

For these reasons, removal of the State Court Lawsuit is proper and within this Court's jurisdiction.

### VII. STATE COURT PLEADINGS

Pursuant to Bankruptcy Rule 9027 and Local Rule 9027-1, this Notice of Removal of Civil Action is accompanied by a copy of all pleadings filed in the State Court Lawsuit, and a copy of the Docket Sheet therein, which will be filed herewith as an attached **Appendix**.

### VIII. PRAYER

WHEREFORE, Vantage Bank respectfully files this Notice of Removal and requests that the State Court Lawsuit, as defined above, be removed to this Court for further proceedings.

Dated: November 18, 2025.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:   */s/ Landon Hankins*
Sarah P. Santos
State Bar No. 24040955
E-mail: *ssantos@dslawpc.com*
Landon Hankins
State Bar No. 24100924
E-mail: *lhankins@dslawpc.com*
719 South Flores
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Vantage Bank Texas***

**CERTIFICATE OF SERVICE**

      I hereby certify that service of this document has been accomplished on this 18th day of November 2025: (i) via the Court's CM/ECF system to all parties consenting to service through the same; and (ii) via regular mail to the following parties and/or creditors:

| | |
|---|---|
| Rellis Campus Data and Research Center LLC<br>833 Rellis Parkway<br>Bryan, Texas 77802<br>***Debtor*** | Satterfield and Pontikes<br>11750 Katy Fwy, Ste 500<br>Houston, TX 77079<br>***Creditor*** |
| Jon Tucker Construction Ltd<br>7425 Mize Rd<br>Bryan, TX 77808<br>***Creditor*** | R.W. Pfeffer Masonry<br>5171 Wallis Rd<br>Bryan, TX 77808<br>***Creditor*** |
| Evolve Holdings, Inc.<br>10555 Cossey Rd.<br>Houston, TX 77070<br>***Creditor*** | Greenberg Traurig, LLP<br>300 W 6th St, Ste 2050<br>Austin, TX 78701<br>***Creditor*** |
| HTS - Texas<br>3350 Yale St<br>Houston, TX 77018<br>***Creditor*** | Britt Rice Electric, LP<br>3002 Longmire Dr<br>College Station, TX 77845<br>***Creditor*** |
| Burnside Infrastructure, LLC<br>15670 Union Bend<br>Hearne, TX 77859<br>***Creditor*** | College Station Plumbing<br>13349 Merchant Ct Bryan, TX 77808<br>***Creditor*** |
| Houston Building Company<br>550 Club Dr<br>Montgomery, TX 77316<br>***Creditor*** | Hajoca Corporationdba Moore Supply Co<br>3706 N Frazier St<br>Conroe, TX 77303<br>***Creditor*** |
| Acme Brick Company<br>987 N Earl Rudder Fwy<br>Bryan, TX 77802<br>***Creditor*** | Abuata Enterprises, INC<br>dba Jericho Woodworks<br>425 Summer Park Dr Stafford, TX 77477<br>***Creditor*** |
| Terracon<br>10841 S Ridgeview Rd<br>Olathe, KS 66061<br>***Creditor*** | Ferguson Fire and Fabrication, Inc.<br>25 Arcado Rd Sw<br>Lilburn, GA 30047<br>***Creditor*** |

Weaver and Tidwell, LLP
1601 S Mopac Expy, Ste D250
Austin, TX 78746
*Creditor*

Syska Hennessy
10 S Riverside Plz, Ste 1810
Chicago, IL 60606-3801
*Creditor*

MS Consultants
333 East Federal Street
Youngstown, Ohio 44503
*Creditor*

Powers Brown Architecture
2100 Travis St Ste 501
Houston, TX 77002-8770
*Creditor*

Carson Supply Inc
5109 Gulfton St
Houston, TX 77081
*Creditor*

Samuel Tenorio
5250 McCormick Mountain Dr.
Austin, Texas 78734
*Defendant*

                                */s/ Landon Hankins*
                                Landon M. Hankins