**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*, | Case No. 25-90666 |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

RELLIS Campus Data and Research Center, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"), with the assistance of their advisors, have filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statement and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), and Optimus DataCenters, LLC (1582).  The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statement. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third-party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors, disclaim any liability to any third-party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1.    Basis of Presentation. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

2.    Reservation of Rights. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the respective Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by any Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

3.    Global Notes. These Global Notes are in addition to any specific notes set forth in the Schedules and Statements. The fact that the Debtors have prepared a Global Note with

respect to a particular Schedule or Statement and not to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment. The Debtors reserve the right to amend or supplement the Schedules and Statements, in whole or in part, as additional information becomes available.

4.  <u>Description of Case and "as of" Information Date</u>. On November 5, 2025 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief (the "<u>Chapter 11 Cases</u>") under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset and liability data of the Debtors as of the Petition Date.**

5.  <u>Net Book Value of Assets</u>. Except as otherwise noted, each asset and liability is shown on the basis of net book value of the asset or liability in accordance with the applicable Debtors' accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Additionally, because the book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

6.  <u>Recharacterization</u>.   Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity of the Debtors' business. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

7.  <u>Real Property and Personal Property–Leased</u>. In the ordinary course of their business, the Debtors leased real property and various articles of personal property, including fixtures and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including

whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

8.    <u>Assets and Liabilities</u>. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing objections to Claims, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

9.    <u>Insiders</u>. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 20% of the voting securities of the Debtors; (d) Debtors' affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

10.    <u>Intellectual Property Rights</u>. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

11.    <u>Executory Contracts and Unexpired Leases</u>. Other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have value to the Debtors' estate. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

12.    <u>Materialman's/Mechanic's Liens</u>. The assets and liabilities listed in the Schedules and Statements may be presented with and/or without consideration of any materialman or mechanic's liens, based on information available to the Debtors at the time of completing the Schedules and Statements, and should not be interpreted as either an admission or denial as to

the existence, nature, extent, priority or validity of any materialman or mechanic's lien(s).

13.     <u>Classifications</u>. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right(s) to recharacterize or reclassify such Claims, contracts or leases, or to exercise its rights to setoff against such Claims.

14.     <u>Claims Description</u>.  Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

15.     <u>Causes of Action</u>. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed  or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "<u>Causes of Action</u>") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

16.     <u>Litigation</u>. The Debtors have made reasonable efforts to accurately record litigation actions (collectively, the "<u>Litigation Actions</u>") in the Schedules and Statements to which either of the Debtors is a party. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the respective Debtor of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

17.     <u>Summary of Significant Reporting Policies</u>. The following is a summary of significant reporting policies:

        a.  <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

18.     <u>Estimates and Assumptions</u>. Because of the timing of the filing, management was required to make certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

19.     <u>Setoffs</u>. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various issues, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

20.     <u>Global Notes Control</u>. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**<u>Specific Disclosures with Respect to the Debtors' Schedules</u>**

21.     <u>Schedule A/B</u>. All values set forth in Schedule A/B reflect the book value of the respective Debtor's assets as of November 5, 2025, unless otherwise noted below. Other than real property leases reported on Schedule A/B 55, the Debtor has not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

22.     <u>Schedule A/B 3</u>. Cash values held in financial accounts are listed on Schedule A/B 3 as of November 5, 2025.

23.     <u>Schedule A/B 74 & 75</u>. In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. Additionally, the Debtors may be a party to pending litigation in which the respective Debtor has asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. If not scheduled, such Claims are unknown to the respective Debtor and not quantifiable as of the Petition Date, and they may not be listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the respective Debtor in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

24.    <u>Schedule D</u>.    The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to any applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

Finally, any description of any lien or of the Debtors' property that is subject to a lien that is included in Schedule D is not an admission by the Debtors of the validity or the enforceability of the lien. The descriptions included in Schedule D are derived from the various filings that record a creditor's alleged interest in the Debtors' property or as the Debtors have otherwise been made aware. The Debtors reserve all rights to challenge these interests in connection with the Chapter 11 Cases.

25.    <u>Schedule E/F part 2</u>. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not have listed a date for each Claim listed on Schedule E/F part 2. Furthermore, Claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and/or remit-to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

26.    <u>Schedule G</u>. The business of the Debtors is somewhat complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule, as necessary. Furthermore, the Debtors reserve all rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired

lease.

Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations may not be expressly set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same counter-party may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtors and such counter-party. The Debtors expressly reserve their right to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of its business, such as subordination, non-disturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

27.     <u>Schedule H</u>. For purposes of Schedule H, the Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  The Debtors take no position in regard to the validity or enforceability of any such guarantees, irrespective of whether any other individual or entity is identified as a co-obligor or otherwise.

In the ordinary course of business, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have

treated all such Claims as contingent, disputed, or unliquidated, such Claims may not be set forth individually on Schedule H. Litigation matters can be found on the Debtors' Schedule E/F part 2 and Statement 7, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

28.    Statement 3. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date but excludes payments made to insiders which insider payments appear in response to Statement question 4. The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

29.    Statement 4. Statement 4 accounts for the Debtors' transfers to insiders, as qualified and applicable. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance (if applicable). Amounts paid on behalf of any such employee (such as life and disability insurance coverage, for example), for which coverage and/or benefit was provided to all the Debtors' similarly situated employees, may not be included.

The Debtors have endeavored to include all consulting and payroll distributions and aggregate travel, entertainment, and other expense reimbursements, aggregated by date, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider."

The listing of a party as an Insider in the Schedules and Statements is not intended to be, nor shall it be, construed as a legal characterization or determination of such party as an actual insider and shall not be interpreted as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

30.    Statement 7. Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suit(s) and/or proceeding(s) identified therein.

The Debtors have made reasonable efforts to identify all pending litigation and to assign appropriate descriptions thereto. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will make reasonable efforts to supplement the Statement in light thereof as is necessary and/or appropriate.

31.    Statement 11. Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related to the Debtors' bankruptcy proceedings in Statement 11. However, it is possible that the disclosed fees and/or payments also relate to other, non-bankruptcy services, and may include services rendered to other parties.

32.    Statement 26d. The Debtors have provided financial statements in the ordinary course of business to numerous financial institutions, creditors, and third-parties within two years immediately before the Petition Date. Considering the potential number of such recipients and

the possibility that such information may have been subsequently shared with other parties without the Debtors' knowledge or consent, all parties that may have received such financial statements may not be included and disclosed in response to Statement 26D.

33.    <u>Statement 30</u>. Unless otherwise indicated in the Debtors' specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

***Again, these Global Notes supplement the specific notes included in each Debtor's Schedules and Statements. If a Global Note appears for certain Schedules or Statements but not others, it should not be taken to mean that the Global Note is inapplicable to the remaining Schedules or Statements. Any information disclosed in one Schedule, Statement, or related exhibit or attachment, regardless of placement, will be considered disclosed in the appropriate location. The Debtors reserve the right to amend or supplement the Schedules and Statements, in whole or in part, as additional information becomes available.***

**Fill in this information to identify the case:**

Debtor name **Optimus DataCenters, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) **25-90667**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals          12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*.................................................................... $ _____ 0.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................ $ _____ 9,955.07

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*................................................................. $ _____ 9,955.07

| Part 2: | Summary of Liabilities |
| --- | --- |

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $ _____ 17,589,543.16

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.......................... $ _____ 0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............. +$ _____ 215,041.36

4.  Total liabilities ........................................................................
    Lines 2 + 3a + 3b                                                        $ _____ 17,804,584.52

**Fill in this information to identify the case:**

Debtor name  **Optimus DataCenters, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90667**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:        Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No.  Go to Part 2.
   ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **First Financial Bank** | | 2232 | $5.00 |
| 3.2. | **Vantage Bank** | | 9919 | $0.07 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**          $5.07
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:        Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

   ■ No.  Go to Part 3.
   ☐ Yes Fill in the information below.

**Part 3:        Accounts receivable**

10. **Does the debtor have any accounts receivable?**

   ■ No.  Go to Part 4.
   ☐ Yes Fill in the information below.

| Debtor | **Optimus DataCenters, LLC** | Case number *(If known)* **25-90667** |
|---|---|---|
| | Name | |

| Part 4: | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | **All other assets** |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

**Current value of
debtor's interest**

71.     **Notes receivable**
Description (include name of obligor)

Debtor   **Optimus DataCenters, LLC**                    Case number *(If known)*  **25-90667**
_____
Name

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit
has been filed)**

75. **Other contingent and unliquidated claims or causes of action of
every nature, including counterclaims of the debtor and rights to
set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets,
country club membership

    **Related Party Receivable - Due from Bellmonte**                           $9,950.00
    _____           _____

78. **Total of Part 11.**                                                  |  $9,950.00  |
    Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

Debtor **Optimus DataCenters, LLC**
Name

Case number *(If known)* **25-90667**

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $5.07 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.............................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $9,950.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $9,955.07 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $9,955.07 |

**Fill in this information to identify the case:**

Debtor name   **Optimus DataCenters, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **25-90667**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                   12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

| 2.1 | **Vantage Bank Texas** | Describe debtor's property that is subject to a lien | **$16,587,421.07** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**45 Northeast Loop 410, Suite 500 San Antonio, TX 78216**
Creditor's mailing address

**Promissory Note - Deed of Trust (RCDRC w/ 15 acres)**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

☑ No
☐ Yes

**Date debt was incurred**

Is anyone else liable on this claim?

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent
☑ Unliquidated
☐ Disputed

| 2.2 | **Vantage Bank Texas** | Describe debtor's property that is subject to a lien | **$1,002,122.09** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**45 Northeast Loop 410, Suite 500 San Antonio, TX 78216**
Creditor's mailing address

**Promissory Note - Deed of Trust (Security Agreement, Assignment of Rents and Leases and Financing Statements)**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?

☑ No
☐ Yes

**Date debt was incurred**

Is anyone else liable on this claim?

☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

Debtor **Optimus DataCenters, LLC**
Name

Case number (if known) **25-90667**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

■ Contingent
■ Unliquidated
☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$17,589,543.16

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name  **Optimus DataCenters, LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90667**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**Internal Revenue Service**<br>**Centralized Insolvency Operation**<br>**Post Office Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | Unknown | Unknown |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| **2.2** Priority creditor's name and mailing address<br>**Texas Comptroller of Public Accounts**<br>**Lyndon B. Johnson State Office Building**<br>**111 East 17th Street**<br>**Austin, TX 78774** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>■ Disputed | Unknown | Unknown |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

Debtor  **Optimus DataCenters, LLC**
_____
Name
                                                    Case number (if known)   **25-90667**
                                                                             _____

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Travis County Tax
Assessor-Collector
2433 Ridgepoint Dr
Austin, TX 78754-5231**

■ Contingent

■ Unliquidated

■ Disputed

_____
Date or dates debt was incurred

Basis for the claim:
**Taxes**

_____
Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (<u>8</u>)

■ No

☐ Yes

---

| Part 2: | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$215,041.36** |
|---|---|---|---|

**Greenberg Traurig, LLP
300 W 6th Street
Suite 2050
Austin, TX 78701**

☐ Contingent

☐ Unliquidated

☐ Disputed

Date(s) debt was incurred __

**Basis for the claim:** <u>Trade Payable</u>

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Part 3: | **List Others to Be Notified About Unsecured Claims** |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

| Part 4: | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ **0.00** |
| 5b. Total claims from Part 2 | 5b. + | $ **215,041.36** |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ **215,041.36** |

**Fill in this information to identify the case:**

Debtor name **Optimus DataCenters, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) **25-90667**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest **Master Professional Services Agreement dated May 27, 2020. Contract No. RFP01 CBDO-19-057-REV1** | |
| State the term remaining | **Texas A&M University System 301 Tarrow St., Suite 361 Attention: Jeff Zimmermann College Station, TX 77840** |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name      **Optimus DataCenters, LLC**

United States Bankruptcy Court for the:      SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **25-90667**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **RELLIS Campus Data and Research Center** | **833 Rellis Parkway Bryan, TX 77802** | **Vantage Bank Texas** | ■ D  **2.1** <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2  **RELLIS Campus Data and Research Center** | **833 Rellis Parkway Bryan, TX 77802** | **Vantage Bank Texas** | ■ D  **2.2** <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.3  **Sam Tenorio III** | **5010 Doss Rd. Austin, TX 78734** | **Vantage Bank Texas** | ■ D  **2.1** <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.4  **Sam Tenorio III** | **5010 Doss Rd. Austin, TX 78734** | **Vantage Bank Texas** | ■ D  **2.2** <br> ☐ E/F _____ <br> ☐ G _____ |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name  **Optimus DataCenters, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90667**

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          **04/25**

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

1.  **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2025** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:**<br>From  **1/01/2024** to **12/31/2024** | ■ Operating a business<br>☐ Other _____ | **$0.00** |
| **For year before that:**<br>From  **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other _____ | **$0.00** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| | | |

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **Optimus DataCenters, LLC** | Case number *(if known)* | **25-90667** |

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

### Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor   **Optimus DataCenters, LLC**                                    Case number *(if known)*   **25-90667**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Okin Adams Bartlett Curry LLP**<br>**1113 Vine Street**<br>**Suite 240**<br>**Houston, TX 77002** | **Payment for joint representation with RELLIS Campus Data and Research Center LLC** | | **$150,000.00** |
| | **Email or website address**<br>**www.okinadams.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.2. | **Veritas Restructuring Group**<br>**717 Texas Ave.**<br>**12th Floor** | **Payment for joint representation with RELLIS Campus Data and Research Center LLC** | | **$15,000.00** |
| | **Email or website address**<br>**www.vrg.co** | | | |
| | **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

Debtor    **Optimus DataCenters, LLC**                              Case number *(if known)*    **25-90667**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---------|---------------------------|
|         |                           |

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|-----------------------------------------------------------------------------------|----------------------------------------------------------------------------|
|                           |                                                                                   |                                                                            |

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|----------------------------------------|--------------------------------|------------------------------|------------------------------------------------------|-----------------------------------------|
|                                        |                                |                              |                                                      |                                         |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|-----------------------------------------|-------------------------------------------|-----------------------------|----------------------------|
|                                         |                                           |                             |                            |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor   **Optimus DataCenters, LLC**                                     Case number *(if known)*   **25-90667**

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

<div style="background:black;color:white"><b>Part 11:</b></div> **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ■ None

<div style="background:black;color:white"><b>Part 12:</b></div> **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

   ■ No.
   ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

<div style="background:black;color:white"><b>Part 13:</b></div> **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

   ■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

Debtor    **Optimus DataCenters, LLC**                                           Case number *(if known)*   **25-90667**

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.    **Megan Snow**<br>**12600 Hill Country Blvd**<br>**Suite R-275**<br>**Austin, TX 78738** | |
| 26a.2.    **John Guerrero**<br>**12600 Hill Country Blvd**<br>**Suite R-275**<br>**Austin, TX 78738** | |
| 26a.3.    **Sarah Dixon** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Weaver and Tidwell, LLP**<br>**1601 South Mopac Expwy, Ste D250**<br>**Austin, TX 78746** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Tentech-3 Holdings, LLC** | **5010 Doss Rd.**<br>**Austin, TX 78734** | **Member** | **100%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Sam Tenorio III** | **5010 Doss Rd.**<br>**Austin, TX 78734** | **President & Managing Member** | |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

Debtor   **Optimus DataCenters, LLC**                                        Case number *(if known)*  **25-90667**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Charles Hansen | 5010 Doss Rd. Austin, TX 78734 | Member | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:**   **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____December 3, 2025_____

_____         **Sam Tenorio III**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor   **Authorized Signatory**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

# United States Bankruptcy Court
## Southern District of Texas

In re    **Optimus DataCenters, LLC** _____    Case No.    **25-90667**
Debtor(s)    Chapter    **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Tentech-3 Holdings, LLC<br>5010 Doss Rd.<br>Austin, TX 78734** | | **100%** | **Membership Interest** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Signatory** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    _____December 3, 2025_____    Signature _____

**Sam Tenorio III**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders