IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 25-90666 <br><br> (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DISMISSING
HUDSON BEND PROPERTIES, LLC CHAPTER 11 CASE PURSUANT
TO SECTION 1112 OF THE BANKRUPTCY CODE**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Rellis Campus Data and Research Center, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"), hereby file this *Motion for Entry of an Order Dismissing Hudson Bend Properties, LLC Chapter 11 Case Pursuant to Section 1112 of the Bankruptcy Code* (the "Motion"), and in support hereof, respectfully states as follows:

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), Optimus DataCenters, LLC (1582), and Hudson Bend Properties, LLC (4775). The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

2. The statutory predicates for the relief requested in this Motion are sections 105(a) and 1112 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and modified, the "Bankruptcy Code"), Rules 2002(a), 9013, and 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4002-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II.  BACKGROUND

3. On November 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). On November 6, 2025, the Court entered its *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 4).

4. On January 5, 2026, Hudson Bend Properties, LLC ("Hudson Bend") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Hudson Bend Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). On January 9, 2026, the Court entered its *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (ECF # 102).

5. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their properties as debtors in possession. On November 20, 2025, an official committee was appointed in the Chapter 11 Cases.

6. Hudson Bend is a Texas limited liability company owned by TenTech-3 Holdings, LLC ("TenTech"). Hudson Bend owns certain real property located in Austin, Texas,

which RELLIS and the other TenTech-affiliated entities use as their principal office location. Although Hudson Bend is not engaged in the business of developing the data center, it supports the operations of the RELLIS affiliates by providing their shared principal office.

7. On April 20, 2023, Hudson Bend entered into a promissory note agreement (the "Hudson Bend Note") with Vantage Bank in the original principal amount of $3,000,000.00. The Hudson Bend Note is secured by a Deed of Trust encumbering Hudson Bend's real property located at 5010 Doss Road, Austin, Texas 78734 (the "Doss Property"), which was recorded in the Official Public Records of Travis County, Texas. The Hudson Bend Note was cross-collateralized with a separate promissory note in the original principal amount of $6,000,000.00 between Vantage Bank and Seamless Advanced Solutions, LLC (the "Seamless Advanced Solutions Note") and was further guaranteed by Sam Tenorio, III, the president and managing member of TenTech-3 Holdings, LLC. Following a default under the Seamless Advanced Solutions Note, Vantage Bank issued a notice of foreclosure to Hudson Bend, advising that the Hudson Bend Note had been accelerated and was due and payable in full as of December 2, 2025. A foreclosure sale of the Doss Property was scheduled for Tuesday, January 6, 2026, between the hours of 1:00 p.m. and 4:00 p.m.

8. In light of the scheduled foreclosure sale of the Doss Property and the acceleration of the Hudson Bend Note, Hudson Bend was compelled to commence this chapter 11 case to prevent the loss of the real property that serves as the principal office for RELLIS and the other TenTech-affiliated entities. Absent the protections afforded by the Bankruptcy Code, the foreclosure would have proceeded, disrupting the operations of the Debtors and their affiliates and jeopardizing the continued use of their shared office principal location.

9. On January 21, 2026, the Court entered its *Final Order (I) Authorizing the Debtors to Obtain Secured Post-Petition Financing; (II) Granting Liens and Super Priority Claims; (III) Granting Adequate Protection; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (ECF # 138) (the "Final DIP Order").

10. As detailed in the Final DIP Order, the Debtors have come to an agreement with Vantage Bank. As part of the agreement, the Debtors have agreed to take all reasonable and necessary actions to cause the bankruptcy case of Hudson Bend to be dismissed. Further, the Debtors shall execute a warranty deed in lieu of foreclosure in favor of Vantage Bank, whereby Vantage Bank shall hold such deed in lieu in escrow until the earlier of (i) payment in full of the outstanding indebtedness owed by Hudson Bend and Optimus TechServices, LLC, or (ii) July 1, 2026.

11. Upon receipt of payment in full of the outstanding indebtedness owed by Hudson Bend and Optimus TechServices, LLC, Vantage Bank shall return the warranty deed in lieu to Hudson Bend. Should Vantage Bank not receive payment in full of the outstanding indebtedness owed by Hudson Bend Properties, LLC and Optimus TechServices, LLC on or before June 30, 2026, Vantage Bank will record the deed on or after July 1, 2026. Hudson Bend Properties, LLC, Optimus TechServices, LLC and Sam Tenorio III have agreed not to seek any injunctive relief or otherwise take any action to stop or interfere with the recording of the deed in lieu, other than by providing immediate payment in full of the outstanding indebtedness owed by Hudson Bend and Optimus TechServices, LLC.

12. Accordingly, consistent with the Debtors' obligations under the Final DIP Order and the consensual resolution reached with Vantage Bank, Debtor seeks dismissal of the Hudson

4

Bend Chapter 11 Case so the parties may effectuate the agreed-upon dismissal process and corresponding deed in lieu escrow arrangement.

### III. RELIEF REQUESTED

13. By this Motion, the Debtor requests that the Court enter an order, substantially in the form submitted herewith, dismissing the Hudson Bend Chapter 11 Case pursuant to sections 105(a) and 1112 of the Bankruptcy Code.

### IV. BASIS FOR RELIEF REQUESTED

14. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U. S. C. § 105(a).

15. Section 1112 of the Bankruptcy Code provides that:

> … on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Thus, section 1112 provides the mechanism for dismissal of the Chapter 11 Case if the Debtor can demonstrate cause. Specifically, the movant bears the initial burden of demonstrating that cause exists to dismiss the case, and why such requested relief is in the best interests of creditors and the estate. *See In re Helmers*, 361 B.R. 190, 198 (Bankr. D. Kan. 2007).

16. "In defining the essential role of the cause standard, it is useful to bear in mind the fundamental purposes and limitations of chapter 11 as they relate to [Bankruptcy Code] section 1112(b)," including, *inter alia*, (i) maximizing creditor returns, and (ii) providing for a negotiated resolution of a debtor's case. 7 Collier on Bankruptcy ¶ 1112.04 (Richard Levin & Henry J. Sommer eds., 16th ed.). Dismissal furthers the policies and intent of the Bankruptcy

5

Code and provides the most cost-effective means for the Debtor to wind up its affairs. In light of the negotiated resolution with Vantage Bank as set forth in the Final DIP Order, the primary assets of the estate have been fully administered in a manner that maximizes value for the Debtor's only secured creditor.

17. No other tangible, liquid assets remain in the estate for distribution. In the Debtor's business judgement, the continued administration of the Hudson Bend Chapter 11 Case or, alternatively, the conversion of the Hudson Bend Chapter 11 Case to a case under the chapter 7 of the Bankruptcy Code, will serve no purpose that is beneficial to creditors. Accordingly, the Debtor submits that cause exists to dismiss the Hudson Bend Chapter 11 Case, and that dismissal is in the best interest of the Debtor, the estate, and creditors because it avoids ongoing administrative expense and allows the parties to proceed in accordance with the Court-approved agreement.

## V. WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

18. To the extent applicable, the Debtor requests that the Court enter an order providing that: (i) notice of the relief requested herein satisfies Bankruptcy Rule 6004(a); and (ii) the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## VI. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto: (i) dismissing the Hudson Bend Chapter 11 Case pursuant to sections 105(a) and 1112 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

Respectfully submitted on the 29th day of January 2026.

        **OKIN ADAMS BARTLETT CURRY LLP**

        By:    /s/ *Christopher Adams*
              Christopher Adams
              Texas Bar No. 24009857
              Email: cadams@okinadams.com
              John Thomas Oldham
              Texas Bar No. 24075429
              Email: joldham@okinadams.com
              Madeline M. Schmidt
              Texas Bar No. 24130309
              Email: mschmidt@okinadams.com
              1113 Vine St., Suite 240
              Houston, Texas 77002
              Tel: 713.228.4100
              Fax: 346.247.7158

        **ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

     I hereby certify that on January 29, 2026, a true and correct copy of the foregoing Motion was served via this Court's CM/ECF notification system to all parties consenting to service through the same.

        By:    /s/ *Christopher Adams*
              Christopher Adams