**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90666<br><br>(Jointly Administered) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) SUPPLEMENTING AND AMENDING THE SALE ORDER TO AUTHORIZE THE RELEASE OF ADDITIONAL DEPOSIT FUNDS FROM ESCROW AND (II) GRANTING RELATED RELIEF**
**(Relates to ECF # 219)**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 8:30 A.M. (PREVAILING CENTRAL TIME) ON SEPTEMBER 18, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 18, 2026 AT 8:30 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PÉREZ'S CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PÉREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PÉREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), and Optimus DataCenters, LLC (1582). The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

RELLIS Campus Data and Research Center, LLC ("RCDRC") and Optimus DataCenters, LLC, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), file this emergency motion (the "Motion") for entry of an order supplementing and amending the *Order (I) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [ECF # 219] (the "Sale Order")[2] to authorize the release of an additional $1,000,000 of the escrowed Deposit to the Debtors, and respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court expressly retained exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of the Sale Order, the Asset Purchase Agreement, and the Transaction Documents. Sale Order ¶ 46.

2. The statutory and legal predicates for the relief requested are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9013 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 60(b) of the Federal Rules of Civil Procedure, and Rules 9013-1(b) and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Order or the Asset Purchase Agreement (as defined in the Sale Order)

## II. RELIEF REQUESTED

3. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), supplementing and amending paragraph 44 of the Sale Order to authorize the release to the Debtors of an additional $1,000,000 from Deposit that is presently held in escrow pursuant to the Asset Purchase Agreement (the "Additional Released Deposit") on the same terms, and subject to the same protections, as the Released Deposit previously released to the Debtors under paragraph 44 of the Sale Order.

4. Specifically, the Debtors request that the Additional Released Deposit be (a) released to the Debtors upon entry of the Proposed Order, (b) deemed non-refundable and to constitute property of the Debtors' estates, (c) available to fund unpaid and allowed claims for fees, costs, and administrative expenses allowed under the Bankruptcy Code or otherwise authorized by this Court, and (d) fully credited against the Purchase Price at Closing, without reduction or impairment, in the same manner as the Released Deposit. The Debtors further request that, in the event these Chapter 11 Cases are converted to chapter 7 or a chapter 11 trustee or examiner with expanded powers is appointed, the Additional Released Deposit shall constitute an allowed superpriority administrative expense claim against each of the Debtors' estates under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

5. The Debtors do not by this Motion seek to modify any other provision of the Sale Order or Asset Purchase Agreement. The findings and all other provisions of the Sale Order, including the free-and-clear provisions and the good-faith finding under section 363(m) of the Bankruptcy Code, shall remain in full force and effect. For the avoidance of doubt, nothing in the relief requested herein modifies, impairs, waives, or otherwise affects the Purchaser's rights under Section 8(b) of the Asset Purchase Agreement with respect to the remaining amounts of the

Deposit (less the Released Deposit and the Additional Released Deposit) or any other rights, remedies, protections, conditions to Closing, or termination rights available to the Purchaser under the Asset Purchase Agreement.

## III. BACKGROUND

6. On November 5, 2025 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Chapter 11 Cases.

7. On July 2, 2026, the Debtors, as sellers, and ThisWay Global, Inc. (the "Purchaser"), as buyer, entered into that certain Asset Purchase Agreement (as amended, the "Asset Purchase Agreement") providing for the sale of substantially all of the Debtors' assets for a purchase price of $40,000,000 (the "Purchase Price"). In connection with the Asset Purchase Agreement, the Purchaser deposited a total of $4,000,000 (10% of the Purchase Price) in a segregated non-interest bearing sub-account with the Debtors (the "Deposit"), comprising of a $1,000,000 initial deposit (the "Initial Deposit") and a $3,000,000 additional deposit (the "Additional Deposit").

8. On July 6, 2026, following a marketing process that produced no competing qualified bid, this Court entered the Sale Order approving the Asset Purchase Agreement and the transactions contemplated thereby.

9. Paragraph 44 of the Sale Order provides, as a proviso to Section 8(a) of the Asset Purchase Agreement, that (i) upon entry of the Sale Order, $500,000 of the Initial Deposit would be released to the Debtors, and (ii) on or about July 31, 2026, unless the Asset Purchase Agreement

had been terminated in accordance with its terms, an additional $500,000 of the Initial Deposit would be released to the Debtors (together, the "Released Deposit"). The Sale Order provides that the Released Deposit is non-refundable, constitutes property of the Debtors' estates, and may be used by the Debtors, as necessary, to fund unpaid and allowed claims for fees, costs, and administrative expenses allowed by the Bankruptcy Code or as otherwise authorized by this Court. Sale Order ¶ 44.

10. Paragraph 44 further provides that the release and use of the Released Deposit does not reduce, impair, or otherwise affect the credit of the full amount of the Released Deposit against the Purchase Price under the Asset Purchase Agreement, and that, in the event of a conversion to chapter 7 or the appointment of a chapter 11 trustee or examiner with expanded powers, the Released Deposit shall constitute an allowed superpriority administrative expense claim against each of the Debtors' estates under sections 503(b) and 507(a)(2) of the Bankruptcy Code. Sale Order ¶ 44.

11. Both tranches of the Released Deposit have been released to the Debtors and applied to the administrative costs of these Chapter 11 Cases. Following the release and use of the Released Deposit, $3,000,000 of the Deposit remains held in escrow (the "Escrowed Funds").

12. Paragraph 35 of the Sale Order permits the Debtors and the Purchaser to extend the Closing Date and the Outside Closing Date without further order of this Court, subject to prior consultation with Vantage Bank and the Committee and the prompt filing of notice of any such extension. Consistent with paragraph 35, the parties have extended the Closing Date, and Closing is presently anticipated to occur on or about September 18, 2026.

13. As a result of the extended Closing timeline, the Debtors have continued to incur administrative costs necessary to preserve the Acquired Assets and consummate the Sale,

including but not limited to adequate protection payments, statutory fees payable under 28 U.S.C. § 1930, and the fees and expenses of estate professionals. The Released Deposit has been exhausted, and the Debtors' remaining unencumbered cash is insufficient to fund these obligations through Closing.

14. Absent access to additional liquidity, the Debtors face the prospect of administrative insolvency before Closing — an outcome that would jeopardize the very transaction this Court approved and would harm every constituency in these Chapter 11 Cases.

15. The Debtors have consulted with the Purchaser, Vantage Bank, the DIP Lender, and counsel to the Committee regarding the relief requested herein. The Purchaser consents to the relief requested by this Motion on the terms set forth in the Proposed Order.

## IV. BASIS FOR RELIEF REQUESTED

### *A. This Court Has Authority to Supplement the Sale Order.*

16. A bankruptcy court has broad authority to modify or supplement its own orders. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Bankruptcy Rule 9024, incorporating Rule 60(b) of the Federal Rules of Civil Procedure, permits relief from an order where applying it prospectively is no longer equitable or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(5)–(6). This Court also expressly retained exclusive jurisdiction to interpret, implement, and enforce the Sale Order. Sale Order ¶ 46.

17. The relief requested is limited to extending the treatment afforded to the Released Deposit under paragraph 44 of the Sale Order to the Additional Released Deposit. The Debtors do not seek to modify the Purchase Price, alter the treatment of the Deposit at Closing, amend any condition to Closing or termination right under the Asset Purchase Agreement, or otherwise

modify any other finding or provision of the Sale Order or the Asset Purchase Agreement. Nothing in the relief requested affects the free-and-clear provisions of the Sale Order, the good-faith finding under section 363(m) of the Bankruptcy Code, or the rights of the Purchaser under the Asset Purchase Agreement other than as expressly set forth herein and consented to by the Purchaser.

18. The requested relief is consistent with the relief previously approved by the Court in paragraph 44 of the Sale Order. Paragraph 44 authorized the release of a portion of the Deposit to the Debtors to fund these Chapter 11 Cases through Closing. Because Closing has been extended beyond the timeframe anticipated when the Sale Order was entered, the Debtors now seek authority to release the Additional Released Funds. Accordingly, the relief requested herein is consistent with the relief previously approved under paragraph 44 of the Sale Order and is necessary for the Debtors to consummate a value-maximizing Sale of substantially of their assets for the benefit of their estates and all its stakeholders.

***B. The Release Is a Sound Exercise of the Debtors' Business Judgment.***

19. Section 363(b)(1) of the Bankruptcy Code permits a debtor in possession, after notice and a hearing, to use property of the estate other than in the ordinary course of business. Courts in this Circuit approve such use where the debtor articulates a sound business justification for the proposed transaction.

20. The business justification here is straightforward. The Debtors require liquidity to preserve the Acquired Assets and satisfy administrative obligations through Closing. The Escrowed Funds are the only source of that liquidity presently available to the estates. The alternative — administrative insolvency, a failed Closing, and likely conversion — would destroy substantially more value than the amount sought, for every constituency, including the Purchaser, which has committed to acquire the Acquired Assets and has an interest in their preservation

pending Closing.

21. The Proposed Order extends to the Additional Released Deposit the treatment prescribed to the Released Deposit under paragraph 44 of the Sale Order. As with the Released Deposit, the Additional Released Deposit will be credited in full against the Purchase Price at Closing. Accordingly, the requested relief does not modify the economic terms of the Sale Transaction, the Purchase Price, or the treatment of the Deposit at Closing under the Asset Purchase Agreement. Rather, the requested relief is intended to provide the Debtors with sufficient liquidity to preserve the Acquired Assets and consummate the Sale.

22. Moreover, the Proposed Order affords the same protections that paragraph 44 of the Sale Order affords the Released Deposit, including superpriority administrative expense treatment in the event of a conversion or the appointment of a chapter 11 trustee or examiner with expanded powers. The relief requested therefore places no party in a worse position than the Court's existing Sale Order already contemplates.

23. Finally, the Debtors have consulted with the Purchaser, Vantage Bank, the DIP Lender, and counsel to the Committee regarding the relief requested herein, and the Purchaser supports the relief requested and the entry of the Proposed Order as set forth herein.

## V. EMERGENCY CONSIDERATION

24. The Debtors request emergency consideration of this Motion pursuant to Local Rule 9013-1(i). The Debtors' available cash is insufficient to satisfy administrative obligations coming due in the ordinary course. Failure to satisfy those obligations would place the Acquired Assets, and the Closing itself, at risk.

## VI. NOTICE

25. Notice of this Motion has been provided to: (a) the Office of the United States

Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) counsel to Vantage Bank; (d) counsel to Twelve Bridge Capital, LLC, as DIP Lender; (e) counsel to the Purchaser; (f) The Texas A&M University System, as ground landlord; and (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary or required.

## VII. PRAYER

**WHEREFORE**, the Debtors respectfully request that this Court (i) enter the Proposed Order, substantially in the form attached hereto, supplementing and amending paragraph 44 of the Sale Order to authorize the release of the Additional Released Deposit to the Debtors on the terms set forth in the Proposed Order; and (ii) grant the Debtors such other and further relief to which they may be justly entitled.

Respectfully submitted on the 15th day of September, 2026.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@okinadams.com
John Thomas Oldham
Texas Bar No. 24075429
Email: joldham@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**ATTORNEYS FOR THE DEBTORS**

**CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By: /s/ *Christopher Adams*
Christopher Adams