**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90666<br><br>(Jointly Administered) |

**ORDER (I) SUPPLEMENTING AND AMENDING THE SALE ORDER TO AUTHORIZE THE RELEASE OF ADDITIONAL DEPOSIT FUNDS FROM ESCROW AND (II) GRANTING RELATED RELIEF**
**(Relates to ECF # 219, ___)**

Upon the *Debtors' Emergency Motion for Entry of an Order (I) Supplementing and Amending the Sale Order to Authorize the Release of Additional Deposit Funds from Escrow and (II) Granting Related Relief* [ECF # ___] (the "Motion") of RELLIS Campus Data and Research Center, LLC and Optimus DataCenters, LLC, as debtors and debtors in possession (collectively, the "Debtors"); and this Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and having retained exclusive jurisdiction under paragraph 46 of the Sale Order; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the circumstances; and this Court having found that the relief requested is a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Purchaser having consented to the relief requested; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), and Optimus DataCenters, LLC (1582). The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

1. The Motion is GRANTED as set forth herein. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Sale Order, as applicable.

2. Paragraph 44 of the Sale Order is supplemented and amended to provide that, upon entry of this Order, an additional $1,000,000 of the Deposit held in escrow under the Asset Purchase Agreement (the "Additional Released Deposit") shall be released to the Debtors.

3. The Additional Released Deposit is deemed non-refundable and shall constitute property of the Debtors' estates. The Debtors are authorized to use the Additional Released Deposit, as necessary, to fund unpaid and allowed claims for fees, costs, and administrative expenses allowed by the Bankruptcy Code or as otherwise authorized by this Court.

4. The release and use of the Additional Released Deposit shall not reduce, impair, or otherwise affect the credit of the full amount of the Additional Released Deposit against the Purchase Price pursuant to the Asset Purchase Agreement.

5. In the event either of these Chapter 11 Cases is converted to a case under chapter 7 of the Bankruptcy Code, or a chapter 11 trustee or examiner with expanded powers is appointed in these Chapter 11 Cases, the Additional Released Deposit shall constitute an allowed superpriority administrative expense claim against each of the Debtors' estates under sections 503(b) and 507(a)(2) of the Bankruptcy Code, *pari passu* with the highest administrative expense claims (other than the DIP Superpriority Claims, which shall be senior thereto) against the Debtors' estates, on the same terms as the Released Deposit under paragraph 44 of the Sale Order.

6. The Debtors are authorized and directed to release the Additional Released Deposit from the segregated escrow account to the Debtors' operating DIP account in accordance with this

Order, without further order of this Court and notwithstanding any contrary provision of the Asset Purchase Agreement.

7. Except as expressly set forth herein, the Sale Order and the Asset Purchase Agreement remain in full force and effect in all respects. Nothing in this Order shall be construed to modify, amend, waive, release, impair, or otherwise affect any provision of the Sale Order, including the findings contained therein, the sale of the Acquired Assets free and clear of Encumbrances pursuant to section 363(f) of the Bankruptcy Code, and the good-faith finding under section 363(m) of the Bankruptcy Code, or any provision of the Asset Purchase Agreement, including any rights, remedies, protections, conditions to Closing, or termination rights thereunder.

8. The requirements of Bankruptcy Rules 6004 and 6006 are satisfied or otherwise waived. This Order shall be effective and enforceable immediately upon entry and shall not be subject to the stay provisions of Bankruptcy Rules 6004(h) and 6004(d).

9. This Court retains exclusive jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: ____________________, 2026.

THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE