**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>RELLIS CAMPUS DATA AND RESEARCH CENTER, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90666<br><br>(Jointly Administered) |

**ORDER SUSTAINING DEBTORS' OBJECTION AND DENYING SCUTI INVESTMENTS, LLC'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING A RESERVE FROM SALE PROCEEDS; (II) PRESERVING SCUTI'S ASSERTED ADMINISTRATIVE EXPENSE CLAIM; AND (III) PRESERVING SCUTI'S CONTRACTUAL CLAIMS**
**(Relates to ECF # ___)**

Upon consideration of the *Emergency Motion of SCUTI Investments LLC for Entry of an Order (I) Establishing a Reserve from Sale Proceeds; (II) Preserving SCUTI's Asserted Administrative Expense Claim; and (III) Preserving SCUTI's Contractual Claims* [ECF # 237] (the "Motion") filed by SCUTI Investments LLC ("SCUTI"), and the *Debtors' Objection and Response* thereto [ECF # ___] (the "Objection") filed by RELLIS Campus Data and Research Center, LLC and Optimus DataCenters, LLC, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and the Objection having been given under the circumstances; and the Court having considered the Motion, the Objection, the *Declaration of*

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: RELLIS Campus Data and Research Center, LLC (9113), and Optimus DataCenters, LLC (1582). The Debtors' service address is 5010 Doss Road, Austin, Texas 78734.

*Mark Arioto* and the exhibits thereto, the exhibits to the Objection, the record in these chapter 11 cases, and the arguments of counsel at the hearing, if any; and after due deliberation and sufficient cause appearing therefor, the Court finds as follows:

1. The relief requested in the Motion—the impoundment of estate property, a determination that SCUTI's asserted interests in estate property survived the sale approved by this Court, and an injunction restraining the Debtors' use of the sequestered funds—is relief that must be sought by adversary proceeding under Bankruptcy Rules 7001(1), 7001(2), 7001(7), and 7001(9). SCUTI did not commence an adversary proceeding, and the relief requested cannot be granted by motion; further,

2. The Motion does not identify the amount of the reserve sought and instead requests that the Court impound "an amount the Court deems sufficient." A movant seeking to sequester estate assets must establish the amount and basis of its asserted claim, and SCUTI has not done so.

3. SCUTI has not filed a proof of claim in these chapter 11 cases, has not filed an application for allowance and payment of an administrative expense, and has not been retained as a professional of the Debtors' estates under section 327 of the Bankruptcy Code.

4. On the record before the Court, the services SCUTI asserts it rendered were rendered before the Petition Date. SCUTI has not established that it supplied consideration to the Debtors' estates postpetition, or that any consideration it supplied was beneficial to the estates in the operation of their business, as required for allowance of an administrative expense under section 503(b)(1)(A) of the Bankruptcy Code.

5. The Amendment dated December 1, 2025 was executed after the Petition Date and was not authorized by this Court under section 363(b) of the Bankruptcy Code or any other provision of the Bankruptcy Code.

6. The Sale Order [ECF # 219] was entered on July 6, 2026. SCUTI did not object to the Sale Motion, did not appear at the sale hearing, and did not appeal or seek a stay of the Sale Order. The Sale Order is a final order. Accordingly, it is hereby **ORDERED** that**:**

1. The Objection is SUSTAINED.

2. The Motion is DENIED in its entirety.

3. No reserve shall be established from the proceeds of the sale of the Debtors' assets on account of any claim or asserted interest of SCUTI. The Debtors are authorized to use, distribute, and disburse the proceeds of the sale in accordance with the Sale Order, any confirmed chapter 11 plan, and further orders of this Court, free of any reserve, restriction, lien, claim, or encumbrance on account of SCUTI.

4. SCUTI's asserted administrative expense claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code is DENIED.

5. This Order shall be effective and enforceable immediately upon entry.

6. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: ____________________, 2026.

______________________________
THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE